# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

MIGUEL ANGEL COMPEAN,

    Petitioner,

v.

TRACY JOHNS, Warden,

    Respondent.

CIVIL ACTION NO.: 5:17-cv-30

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Miguel Angel Compean ("Compean"), who is currently housed at D. Ray James Correctional Facility in Folkston, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 2.) On September 29, 2017, the Court issued a Report and Recommendation to dismiss Compean's Petition for Writ of Habeas Corpus due to his failure to exhaust his administrative remedies; however, the Court noted grave concerns regarding the Federal Bureau of Prisons's ("BOP") calculation of Compean's sentence. (Doc. 13.) Compean filed Objections to the Report and Recommendation, (doc. 14), and Respondent filed a Response, (doc. 15). For the reasons and in the manner set forth below, I **RECOMMEND** that the Court **DISMISS AS MOOT** Compean's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Compean *in forma pauperis* status on appeal. Accordingly, the Court hereby **VACATES** its September 29, 2017 Report and Recommendation, (doc. 13).

## BACKGROUND

Pursuant to a negotiated plea agreement, on February 11, 2013, Compean pleaded guilty to conspiracy to smuggle goods from the United States, giving a false statement in the

acquisition of a firearm, and aggravated identity theft. (Doc. 9-2, pp. 32–38.) The Honorable Robert Junell, United States District Judge for the Western District of Texas, sentenced Compean to an aggregate term of imprisonment of 121 months and ordered that he remain in custody pending service of his sentence. (Id.) Compean is currently serving this sentence at D. Ray James and, prior to bringing this action, had a projected release date of March 15, 2022. (Id. at pp. 1, 3.)

Throughout his federal case, in addition to the charges stemming from his arrest in Hunt County, Texas, Compean also had state traffic citation warrants outstanding in Justice Court, Precinct 2, Collin County, Texas.[1] (Id. at pp. 20–27.) These misdemeanor warrants were filed in Justice Court Case Numbers 02-TR-12-00497 (expired driver's license) and 02-TR-12-00796 (violation of promise for failure to appear). (Id.) Although these warrants were issued on March 12, 2012, they were not executed when the Greenville Texas Police Department arrested Compean on December 7, 2012, on other charges of violating a promise to appear, driving while license invalid, and driving with a child under eight not secured by a safety belt. (Id. at pp. 5–18.) On December 6, 2012, the day prior to this arrest in Hunt County, United States Magistrate Judge David Counts for the Western District of Texas issued a warrant for Compean's arrest. Warrant, United States v. Compean, et al., Case No. No. 7:12-cr-340 (W.D. Tex. Dec. 19, 2012), ECF No. 2.

On the record before the Court, it appears that Compean posted bond after his arrest by Texas authorities, however, he remained incarcerated in the Hunt County Jail. (Id. at pp. 9, 13, 17.) Compean entered nolo contendere pleas as to the three other charges on December 8, 2012,

---

[1] Texas Justice Courts have original jurisdiction in criminal cases punishable by a fine only or punishable by a fine and another sanction not consisting of confinement or imprisonment. Tex. Code Crim. Proc. Ann. § 4.11; see also Sullo & Bobbitt, PLLC v. Abbott, No. 3:11-CV-1926-D, 2013 WL 1949835, at *4 (N.D. Tex. May 13, 2013) (outlining judicial process of municipal and justice courts in Texas, including fact that Justice Courts only have jurisdiction to impose fines).

and was released on December 10, 2012, after paying fines for each charge and for "Time Served." (Id.) Following his release from the Hunt County Jail, the United States Marshals Service took custody of Compean on December 11, 2012. (Doc. 9-2, p. 28.) The record before the Court shows that Compean was never actually arrested on the two outstanding Collin County warrants. (Id. at pp. 20–27.) Instead, on June 13, 2013, approximately two weeks after he was sentenced in his federal case, Compean pleaded nolo contendere and paid fines. However, the case dockets list his warrant status as "Time Served," and his release, signed by Judge Terry L. Douglas of the Collin County Justice Court, is noted as "Time Served." (Id. at pp. 21, 25, 40.)

In his Section 2241 Petition, Compean generally argued that he should be awarded jail credit toward his federal sentence for the time he was in custody after his arrest on December 7, 2012. (Doc. 2.) In the prior Report and Recommendation, I agreed with Respondent that Compean failed to pursue his sentencing arguments through the available administrative remedies prior to bringing this action. (Doc. 13.) However, I further concluded that if the Court did not dismiss for failure to exhaust, the Court would need to receive additional evidence because the BOP's substantive arguments regarding the calculation of Compean's sentence appeared specious. (Id.) Respondent now asserts in his Response that Compean's Petition is moot because the BOP reviewed Compean's sentence computation in light of the Court's earlier Report and Recommendation and granted him additional jail credit that exceeds what he requested in his Petition.[2] (Doc. 15, pp. 1–2.) Including good conduct time, Compean is now scheduled for release on September 22, 2021, approximately six months sooner than the original March 15, 2022, release date. (Id. at p. 2.)

---

[2] Respondent also reiterates its argument that Compean's Petition should be dismissed for his failure to exhaust his administrative remedies. (Doc. 15, pp. 2–3.)

**DISCUSSION**

**I.	Whether Compean's Petition is now Moot**

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id. There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). With regard to the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).

As noted above, Respondent alerts the Court in his Response that the BOP has since reviewed Compean's sentence computation and granted him jail time credit for the time he spent incarcerated from December 11, 2012, through June 2, 2013, an amount totaling five months and

twenty-two days. (Doc. 15, pp. 1–2; doc. 15-1, p. 2.) Given that Compean's Petition only asserts he is entitled to "five (5) months and six (6) days of incarceration time not credited or calculated toward his sentence," (doc 2, p. 3–4), the relief requested has been granted, indeed exceeded, by the BOP. Thus, there is no longer a "live controversy" over which the Court can give meaningful relief. Friends of Everglades, 570 F.3d at 1216. Accordingly, the Court should **DISMISS AS MOOT** Compean's Petition for Writ of Habeas Corpus.

The Court appreciates Respondent's remedying of the evident errors in the calculation of Compean's sentence. It is unfortunate but perhaps understandable that the BOP miscalculated Compean's sentence initially. However, it is far more disheartening that the BOP refused to correct its mistakes sooner. While Compean did not pursue his claims through the prison's grievance process, his prior counsel raised his claims to the BOP's Designation and Sentence Calculation Center years ago, and the BOP rejected counsel's arguments. (Doc. 14-1.) Additionally, the BOP and Respondent's counsel had the opportunity to correct the sentencing errors when they were served with the Petition in this case months ago. Instead, they stood by their sentencing computation until this Court pointed out the evident errors in that computation. Candor far sooner in this process would have saved the parties and the Court time and effort. Additionally, earlier forthrightness would have strengthened rather than diminished the Court's confidence in the BOP's execution of its duties.[3]

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Compean leave to appeal *in forma pauperis*. Though Compean has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that

---

[3] I **ORDER** Respondent's counsel to provide a copy of this Report and Recommendation to the Section Chief for Sentence Computations at BOP's Designation and Sentence Computation Center.

5

appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).

Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Compean's Petition and Respondent's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS AS MOOT** Compean's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 2), **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Compean leave to proceed *in forma pauperis*. Additionally, the Court hereby **VACATES** its September 29, 2017 Report and Recommendation, (doc. 13).

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and

Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 22nd day of November, 2017.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA